**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LEON MCGEE WILLIAMS,

      Petitioner,

                              CASE NO. 05-CV-70148-DT

v.                             HONORABLE JOHN C. O'MEARA

                              UNITED STATES DISTRICT JUDGE

TERRY SHERMAN,

      Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Leon McGhee Williams, ("Petitioner"), presently confined at the Marquette Branch Prison in Marquette, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction and sentence for two counts of first-degree murder, M.C.L.A. 750.316; and one count of felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

**I. Background**

      Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

1

Defendant's convictions stem from the shooting deaths of the owner of a beauty supply store and an employee of the store. The storeowner, who had been shot twice in the back of the head and once in the face on his left eyebrow, was found on the floor behind the counter of the store. The employee, who had been shot once in the back of the head, was found on the floor in an aisle of the store.

At trial, the trial court admitted into evidence two statements that defendant had made regarding his role in the incident. First, defendant's friend testified that defendant told him that he entered the store to make a purchase and the owner confronted him, holding a gun on him. When the owner looked away, defendant shot him twice with his gun and then shot the other man once because the other man saw defendant's face. Also, defendant claimed to have taken the owner's gun with him when he left the store. Defendant made the second statement to a police officer, again admitting to the shootings. In this statement, defendant maintained that the owner confronted him with a gun because he saw defendant's gun and believed defendant was there to rob him. Defendant further told of shooting the two men and leaving with the owner's gun.

*People v. Williams,* No. 238163, * 1 (Mich.Ct.App. August 26, 2003).

Petitioner's conviction was affirmed on appeal. *Id.; lv. den.* 469 Mich. 1001; 674 N.W. 2d 379 (2004). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. THE CIRCUIT COURT LACKED JURISDICTION TO TRY DEFENDANT WILLIAMS AS AN ADULT BECAUSE HE WAS A JUVENILE AND PROPER PROCEDURES WERE NOT FOLLOWED.

II. THE COURT ERRED BY REFUSING TO SUPPRESS THE STATEMENT OF DEFENDANT WILLIAMS TO POLICE.

III. THE EVIDENCE WAS INSUFFICIENT TO CONVICT OF FIRST DEGREE PREMEDITATED MURDER.

## II. Standard of Review

2

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

### A.  Claim # 1.  The juvenile waiver hearing claim.

Petitioner first claims that the circuit court lacked jurisdiction to try petitioner, who was sixteen years old at the time of the murders, because the juvenile court never

3

conducted a hearing to determine whether it would be in the best interests of petitioner

and the general public for petitioner to be waived to circuit court and tried as an adult.

The Michigan Court of Appeals rejected this claim, noting that pursuant to

Michigan's automatic waiver statute, M.C.L.A. 600.606, the circuit courts in Michigan

are given jurisdiction over certain "specified juvenile violations", including murder, if

the prosecution chooses to charge the juvenile offender as an adult in circuit court.

Therefore, the requirements of M.C.L.A. 712A.3 do not apply when the prosecutor elects

to proceed with an automatic waiver. *People v. Williams,* Slip. Op. at * 2.

This Court notes that "[t]here is no constitutional right to any preferred treatment

as a juvenile offender." *Steele v. Withrow*, 157 F. Supp.2d 734, 740 (E.D. Mich. 2001)

(internal quotation omitted).  Therefore, in most cases, the question of whether a

defendant is to be charged as an adult criminal or a juvenile delinquent is one of

prosecutorial discretion devoid of most due process guarantees. *Id*. at 740-41.   Neither

the Due Process Clause, nor the Supreme Court's holdings in *Kent v. United States,* 383

U.S. 541 (1966) or *In Re Gault,* 387 U.S. 1 (1967) prevent a state from automatically

requiring that juveniles charged with certain offenses be treated as adults, nor is a

judicial waiver of juvenile court jurisdiction required for those types of offenses. *See*

*Alvarado v. Hill,* 252 F. 3d 1066, 1068-69 (9th Cir. 2001).  Petitioner has failed show that

the use of Michigan's automatic waiver statute by the prosecutor to try him as an adult in

circuit court violated any clearly established federal law that would entitle him to habeas

relief. *See Friday v. Pitcher,* 99 Fed. Appx. 568, 575 (6th Cir. 2004).

4

Moreover, any error in failing to conduct a transfer hearing in the juvenile court in this case would have been harmless error, because it was likely that any reasonable juvenile judge would have transferred petitioner to adult court, in light to the brutality of the offense. *See Spytma v. Howes,* 313 F. 3d 363, 370 (6ᵗʰ Cir. 2002). Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The involuntary confession claim.**

Petitioner claims that his statement to police was involuntary due to his age, the denial of his requests to telephone his grandmother, and his marijuana use.

The Fifth Amendment prohibits the prosecution's use of a criminal defendant's compelled testimony. *Oregon v. Elstad*, 470 U.S. 298, 306-07 (1985). The Due Process Clause of the Fourteenth Amendment likewise prohibits the admission at trial of coerced confessions obtained by means "so offensive to a civilized system of justice that they must be condemned." *Miller v. Fenton*, 474 U.S. 104, 109 (1985).

The factors that must be considered in applying the totality of the circumstances test to determine the admissibility of a juvenile's confession include: (1) whether the requirements of *Miranda* have been met and the defendant clearly understands and waives those rights, (2) the degree of police compliance with statutory requirements; and the juvenile court rules, (3) the presence of an adult parent, custodian, or guardian, (4) the juvenile defendant's personal background, (5) the accused's age, education, and intelligence level, (6) the extent of the defendant's prior experience with the police, (7) the length of detention before the statement was made, (8) the repeated and prolonged

5

nature of the questioning, and (9) whether the accused was injured, intoxicated, in ill

health, physically abused or threatened with abuse, or deprived of food, sleep, or medical

attention. *Friday v. Pitcher,* 200 F. Supp. 2d 725, 735 (E.D. Mich. 2002).

With respect to petitioner's contention that his confession was involuntarily made

because of his marijuana use, both the trial court and the Michigan Court of Appeals

found that there was no indication that petitioner was intoxicated at the time that he

made the statement.  The Michigan Court of Appeals further noted that the testimony

from the evidentiary hearing established that petitioner's *Miranda* warnings were given

to him, there was no allegation that the police failed to comply with the procedures for

questioning juveniles, petitioner was not held for a long period of time prior to the

interrogation, and the police questioning was not prolonged or repeated.  Although the

trial court found that petitioner had been denied access to a telephone to call a relative,

the Michigan Court of Appeals held that this alone did not render petitioner's confession

involuntary. *People v. Williams,* Slip. Op. at * 3.

In considering federal habeas petitions, a federal district court must presume the

correctness of state court factual determinations, and a habeas petitioner may rebut this

presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652,

656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1).  Subsidiary factual questions in determining

the voluntariness of a statement to police, such as whether the police engaged in

intimidation tactics alleged by a habeas petitioner, are entitled to the presumption of

correctness accorded to state court findings of fact. *Miller v. Fenton*, 474 U.S. 104, 112

6

(1985). In this case, the state trial and appellate courts' findings that petitioner was not intoxicated at the time that he made his statement to the police, as well as their other factual findings regarding the police interrogation, are entitled to the presumption of correctness, because petitioner has failed to present clear and convincing evidence to rebut this presumption. *Pritchett v. Pitcher*, 117 F. 3d 959, 963-64 (6th Cir. 1997).

This Court is therefore left with the question of whether the trial court's failure to permit petitioner to make a telephone call to his grandmother, by itself, would render the confession involuntary. Even if this Court fully credits petitioner's testimony that he was not permitted to telephone his grandmother prior to making his confession, that fact alone would not render his confession involuntary, in light of the other circumstances in this case. *See Stokley v. State of Md.,* 301 F. Supp. 653, 660 (D. Md. 1969). Because there are no other factors present which suggest that the police interrogation of petitioner was coercive, the Michigan Court of Appeals' determination that petitioner's confession was voluntary even though he was refused permission to telephone his grandmother was not an unreasonable application of clearly established federal law so as to entitle him to relief.

Assuming that the trial court erred in admitting petitioner's statement into evidence, this would not entitle him to habeas relief. For purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.

7

*Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  In this case, petitioner's statement to the police, even if involuntary, was harmless in view of the fact that the contents of the statement were substantially identical to the admission that petitioner made to his friend regarding his involvement in this crime. *See e.g. Walendzinski v. Renico,* 354 F. Supp. 2d 752, 761 (E.D. Mich. 2005).  Petitioner is not entitled to habeas relief on his second claim.

### C.  Claim # 3.  The sufficiency of evidence claim.

Petitioner finally claims that there was insufficient evidence of premeditation and deliberation at trial to sustain his convictions for first-degree murder.

The Michigan Court of Appeals determined that a rational trier of fact could find the elements of premeditation and deliberation to have been proven beyond a reasonable doubt, because the evidence, when viewed in a light most favorable to the prosecution, established that petitioner entered a store armed with a weapon which he used to execute two unarmed store employees by shooting each of them in the back of the head. *People v. Williams,* Slip. Op. at * 4.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must

8

determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). Section 2254(d) "mandates that federal courts give deferential review to state court decisions on sufficiency of evidence claims." *David v. Lavinge,* 190 F. Supp. 2d 974, 985 (E.D. Mich. 2002)(internal citations omitted).

To constitute first-degree murder in Michigan, the state must establish that a defendant's intentional killing of another was deliberated and premeditated. *Scott v. Elo*, 302 F. 3d 598, 602 (6th Cir. 2002)(*citing People v. Schollaert*, 194 Mich. App. 158; 486 N.W.2d 312, 318 (1992)). The elements of premeditation and deliberation may be inferred from the circumstances surrounding the killing. *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001)(*citing to People v. Anderson*, 209 Mich. App. 527, 537, 531 N. W. 2d 780 (1995)). Premeditation may be established through evidence of the following factors:

> 1. the prior relationship of the parties;
> 2. the defendant's actions before the killing;
> 3. the circumstances of the killing itself;
> 4. the defendant's conduct after the homicide.

*Cyars v. Hofbauer,* 383 F. 3d 485, 491 (6th Cir. 2004); *People v. Anderson*, 209 Mich. App. at 527.

Under Michigan's first-degree murder statute, the interval between the thought and action should be long enough to give a reasonable person sufficient time to subject his or her actions to a "second look" in order to prove premeditation and deliberation. *Alder v. Burt,* 240 F. Supp. 2d 651, 663 (E.D. Mich. 2003)(*citing to People v. Morrin,* 31

2:05-cv-70148-JCO-WC   Doc # 18   Filed 07/13/06   Pg 10 of 12   Pg ID 712

Mich. App. 301, 187 N.W. 2d 434 (1971)).  "A few seconds between the antagonistic action between the defendant and the victim and the defendant's decision to murder the victim may be sufficient to create a jury question on the issue of premeditation." *Id.* Therefore, a sufficient time lapse to provide an opportunity for a "second look" may be merely seconds, minutes, or hours or more, dependant on the totality of the circumstances surrounding the killing. *People v. Berthiaume*, 59 Mich. App. 451, 456, 229 N. W. 2d 497 (1975).  Premeditation and deliberation may be inferred from the type of weapon used and the location of the wounds inflicted. *People v. Berry*, 198 Mich. App. 123, 128, 497 N. W. 2d 202 (1993).  Use of a lethal weapon will support an inference of an intent to kill. *People v. Turner*, 62 Mich. App. 467, 470, 233 N. W. 2d 617 (1975).

In the present case, there was sufficient evidence to establish that petitioner had the requisite premeditation and deliberation required for first-degree murder.  Petitioner shot one victim twice in the back of the head and once in the face, and shot the second victim in the back of the head.  A reasonable trier of fact could have inferred under the circumstances that petitioner's decision to kill the victims was premeditated and deliberate.  Therefore, the Michigan Court of Appeals' determination that there was sufficient evidence to support petitioner's first-degree murder convictions was not an unreasonable application of clearly established federal law so as to entitle petitioner to habeas relief. *Scott,* 302 F. 3d at 603.

## IV.  Conclusion

10

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A district court has the power to deny a certificate of appealability *sua sponte.* *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen,* 156 F. Supp. 2d at 798.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

11

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


                                        s/JOHN CORBETT O'MEARA
                                        UNITED STATES DISTRICT COURT

Dated: July 13, 2006